Your Honor, this is case number 2-17, and it appears that Mr. Charles Shepard, a fellow of the department, being the Regional Board of School Trustees, defended at the meeting. Pardon me, Your Honor. Thank you for your comment. I would like to suggest that Mr. Carson, a fellow of the department, defend his opinion. Thank you. Mr. Carson, on behalf of the appellant, you may proceed. Good morning, Your Honors, Counsel, and may it please the Court. My name is Jessica Parsons, and I represent the plaintiff appellants. The overarching issue before this Court today is whether the Regional Board's denial of the plaintiff's petition for detachment and annexation was clearly erroneous. Let me ask you a threshold question. The statute had changed, correct? Correct. And it was an earlier act, and then I believe it was amended in 2016. Yes. Is there any issue that the 2016 version applies? Yes. So the issue is whether the significant direct educational benefit language that was added to the statute in 2016 applies here. Right. And what that actually means, whether it applies, as the defendant argues, strictly to the quality of the respective schools and the respective districts. And if that were the case, it would effectively abrogate the common law factors that used to be considered in determining educational benefit. Well, that would be the side issue, but we need to pin down which act applies to this case. The current one, the 2016. The 2016. Yes. Okay. All right. That's okay. And based on the statutory amendments, the Regional Board's decision was clearly erroneous and should be reversed because the defendant's interpretation of the term significant direct educational benefit is inconsistent with the subtle construction of the term educational welfare. Also, the plaintiff's conflation of the meanings of the two different terms, natural identification with the community of the annexing district and the community of interest, also is against well-subtle construction of the terms and would render the Section 7-6I, 2, that was added, redundant. Can I ask you another question? The 2016 version, as I'm reading it, requires the Court to first determine if there will be a significant benefit to the petitioner's children and grandchildren. Right. Absent such a finding by the Board, does the Board need to get into considering and weighing the other factors if they decide the answer to that is no? And that's the question. Or is that what you're arguing about? I'm arguing that despite the adding of the language significant direct educational benefit, the factors still apply that were considered before. It's just in the past, prior to the new statutory language, only some educational benefit had to be established. Where now, you know, there's got to be more of a direct correlation between the annexation and the benefit, but it still doesn't necessarily pertain strictly to school facilities. And you can still, outside of the whole child and community of interest, you can still weigh the five factors that were considered. Okay, because the statute is new. I take it you have no case law that says that. Correct. So did the purpose basically stipulate that the school education in both schools was equivalent? Yes. And going on that, Your Honor, this Court as far back to 1960 in Burbidge v. County Board determined that equal facilities was not an automatic grounds for denial of a petition, but rather it's kind of more of a baseline because it wouldn't benefit the educational welfare of children if you were to allow them to detach from one district where the school's of a certain quality and then annex to a subsequent district where the school's would be inferior. So why would anybody want to do that? Exactly. So that doesn't make much sense. I mean, in light of that case that you're citing is prior to 2016. Correct. Where it seems to me to read the statute to say if the change of boundaries aren't going to educate the plaintiff any differently, then we don't have to go to consider the community of interest. I mean, again, I know there are no cases, but how is it that you're interpreting the statute that you still take into consideration all of the factors? Okay. So, you know, as we discussed, there was about five factors that were considered before. Previously. Right. One of them was the difference in the schools. One was whether or not the district was in the child's natural community, a.k.a. where they live, relative distance, personal preferences, and whether detachment would grant continuity of education for the children. So when the legislature made the 2016 amendments, they, in sections 6I1 through 5, they explicitly stated which of the factors were affected by the amendments. Concerning the school facilities, 7-6I1, directs regional boards that they can only consider the report cards in the respective districts if there is less than a 3% difference in minority, low-income, and non-English-speaking children. 7-6I3 addresses the distance factor that was used to be considered, and if a petitioner is citing that a school is closer to their home as a reason for granting detachment, that to be considered now, that distance has to be at least 10 miles or more. Ms. Parsons, before we get too far into those factors, as you know, it's a very well-settled rule of statutory construction that we look first to the plain language of the statute. Correct. Interpreting its meaning rather than relying on other interpretive aids. And again, it was amended, as you've alluded to, that the 2016 version requires the regional board to first determine that there would be a significant direct educational benefit to the petitioner's children if the petition is granted. Does the statute then say, absent the finding the board is not to consider other factors, or what does it say specifically about whether or not the board should or should not consider other factors if their initial question is answered in the negative? Does it say anything about that specifically? What does the statute say? Can I rephrase the question? Yes. We know the 2016 version requires the board to first determine whether there would be a significant direct educational benefit to the children, correct? Correct. Do we agree on that? Yes. Does the board say anything then, if that answer is no, is the board supposed to consider other factors? Does the statute address the issue of the other factors after the benefit is determined? Do you have an argument? What does it say? No. So what the statute says is, you know, before the whole child or the community of interest can be considered, a significant direct educational benefit must be established. Okay. So what if it's not established? Then you cannot consider the community of interest and the whole child, and that's it. Right. So if we're looking at this and we're reviewing the child court's ruling, we have to determine whether the child court was correct in its assessment that the significant direct educational benefit was not established. Correct. It doesn't say only if. Right. Right? Right. So you would need to basically tell us why the record establishes that there would have been a direct educational benefit. I mean, that's the threshold question. If we don't decide that, we don't get into these other factors. Okay. So how did the trial court go wrong, in other words, in deciding that there was no direct educational benefit to the children established? Why was that ruling wrong? Because, well, the trial court was unclear of what, you know, what constitutes a significant direct educational benefit. But didn't you agree to it? No, they agreed that there was not a difference in the curriculum, right? Right. So the statute saying significant direct educational benefit, it doesn't say that that pertains strictly to the facilities of the schools. And the long-settled construction and the courts have often said, you know, there's more to educational welfare than the facilities themselves. And therefore, because, you know, the statute plainly stated which factors were affected, if it meant for a significant direct educational benefit to apply solely to the school facilities, it would have said so. Further, if that's all that would have constituted a significant direct educational benefit, there would have been no reason to ask, you know, the amendments to 7-6 that directed the board on how certain factors were not to be addressed. I think you've adequately and correctly stated that. But as Justice Draftick alluded to, you had stipulated that the school districts had comparable programs. No issues were raised about the educational facilities. So we're trying to figure out what you are saying is that the benefit would be. If it's not in the curriculum, it's not in the facilities, in the programs, what would be the benefit then of changing the school district? Okay. For the children in this area, you know, the main factor was the safety, the safety of staying in Sycamore because of the past incident that had happened with the landfill that was by the school in Cortland, where 63 students and staff suffered from carbon monoxide poisoning. Subsequent to that, did the school implement mechanisms by way they can test the carbon monoxide daily? I know they have some kind of monitoring system in place. I'm not sure how it works. Has there been any other issues subsequent to that initial one that you're talking about? Not since, but this court has stated in the past when presenting evidence regarding safety, first, to meet the burden, you don't need to show that the safety concerns ever actually harmed someone in the past. Well, here, the plaintiffs have exceeded that because children have been harmed in the future. And just in the past, just providing evidence of busy intersections or increased, you know, heavy traffic, that was sufficient to meet the burden for establishing safety. And this was always a factor that was given great weight by the courts. And so that's one benefit. And then the other is attending school in the natural community itself because it has also long been noted by the court, the courts, this court and the Supreme Court, that when a child attends school in his natural community or the community where he lives, it's going to benefit him directly educationally because the child is naturally going to participate more in school-related activities, which in a sense then benefits the whole area educationally. But then at the same time, being in your own, going to school in your own neighborhood where you've already had your connections, it would also benefit the whole child, which pertains more to, you know, activities outside of school. So, you know, the main thing is the safety. And because these children already live in Sycamore, they're not seeking to detach to a district outside of where they live. They're seeking to detach to a district in their natural community, which has long been recognized as being a significant educational benefit for detachment. Further, because the plain language does not abrogate the factors, then the regional board's finding that there would be no significant direct educational benefit was not supported by the evidence in the record and should be set aside. The plaintiffs had the burden of proving... Now, when you say that it wasn't supported by evidence in the record, are you saying that only because the regional board did not make a specific finding that addressed some of the evidence? That's one reason, but the bigger reason is the plaintiffs had the burden of proving, you know, their case be on the preponderance of the evidence. But if any of this evidence was undisputed or not impeached, then the board was required to find for the plaintiffs... The board required, though, to make specific findings. Is your position that the board was required to make specific findings, explicit findings, as to each issue you raised, and if not, that then it should be overturned? So they needed to give enough of an explanation of what they considered so the plaintiffs would know that their petition had been thoughtfully considered and reviewed. All the board said was based on the evidence presented. They didn't give any reason whatsoever as to why there wasn't a significant direct educational benefit. The only...they didn't even mention the facilities in their records. The only factor they expressly addressed was the distance. But, I mean, they, regardless of how detailed they were supposed to get on each finding, they provided none, and regardless, because all of the evidence provided by the plaintiffs was undisputed, the board was required to find for them, and since they didn't, then it is not supported by the evidence in the record. Any further questions? No. Thank you, Ms. Parsons. Mr. Griffiths, on behalf of the DeKalb School District. Your Honors, again, my name is Carson Griffiths, and I represent DeKalb Community School District number 428 in this matter. May it please the Court. Do we still take into consideration all of the other factors? You do if petitioners first establish a significant direct educational benefit. So that is the threshold issue that must be proven by petitioners. And if we find that the Court did not err in that issue, we don't get into the equation that affects the school? Correct. You don't consider the community of interest, and you don't consider the whole child, which was basically what the petitioner's whole case before the board rested on. So why wasn't there a direct educational benefit shown here? Well, first of all, I disagree with the petitioner's point that direct educational benefit does not refer to the curriculum and the facilities of the schools. By distinguishing the community of interest and the whole child from significant direct educational benefit, the legislature clearly drew a distinction between factors occurring outside the classroom and factors within the four walls of the classroom. Because under established case law prior to the amendment, the community of interest and the whole child referred to a student's social activities, their religious participation, their extracurricular activities, all external factors. But by saying that first you must establish an educational benefit that is different from the community of interest and the whole child, the General Assembly clearly intended to focus on factors inside the classroom. So you're saying that her reference to safety issues that would affect the children vis-a-vis toxic matters in the atmosphere, car speeding, those things are not properly considered as part of the statute? No, Your Honor. They could be considered, potentially. That falls under the rubric of facilities. Yes. However, this is not that case. Why not? Because the first piece of evidence they rely on, the landfill owners, was a discrete incident occurring more than two years before the petition was filed. There was no evidence of continuous release of gases from the landfill. It was a release based on a construction accident that occurred at a discrete period of time, and there were no subsequent issues. There were no prior issues. With respect to the truck traffic, that evidence was entirely speculative. It was essentially based on some back-of-the-napkin calculations by a few of the petitioners on how many more tons of garbage would equate to how many more trucks, and that these would speed by the school. But there was no— Isn't there a speed zone for the school area? There is. As we said in our brief, the town of Cortland does require vehicles to travel 20 miles per hour. With regard to the traffic, you're alluding to expensive traffic, did you object to the admission of that evidence at trial? Yes, Your Honor. At the hearing, the counsel for the board did object, saying it was irrelevant, but the evidence was considered. Okay, so it was overruled. So it was considered valuable. Yes. However, they didn't describe it in a great way, nor should this Court. It really doesn't show a significant direct educational benefit whatsoever. Do we get there? Get to—I'm sorry. Do we even need to get there? To the truck traffic? Yeah. No, you don't, because in this case it doesn't really relate to the school's curricula or facilities. And as you noted, generally courts prior to the amendment considered traffic safety and things like that in the context of geography, which is not an issue in this case. The only issue here is significant direct educational benefit. Your position is it hasn't been shown? It hasn't been shown. And that, yes, petitioner's evidence doesn't come close to establishing that. Justice Spence, to your point about the board's findings, it's well established under the administrative review law that an agency does not need to mention every piece of evidence that it considered in order to affirm the decision of the board. It only needs to make enough findings that permit intelligent review of the board's decision. In this case, the only issue before the board was a significant direct educational benefit. That was one of the findings they made, that that had not been established, and the other one related to geography. Did they relate any reasons why it had not been established? No, they did not. They just found that it had not been established. However, this court can still review that decision because you have the entire record before you. You can review the evidence that was presented and compare it to that finding and determine whether that finding was correct or not. So the mere sparsity of the board's findings does not warrant reversal. What's our standard of review? It's clear error. So this is a deferential standard of review, which brings me to the point that... I thought it was a manifest waive. There are some cases suggesting a manifest waive. However, the most recent decision of this court in Ayaz applied a clear error standard. So under either standard, however, it's deferential. And in this case, really petitioners have just presented at best some evidence, which under our position isn't even relevant to the question at hand. However, even if it was, that would not warrant reversal in light of the deference due to the board's decision here. Finally, I'd like to briefly address the petitioner's contention about the will of the people standard cited in their brief. Petitioners contend that the will of the people standard in Section 7-2.6 of the Code applies here. However, Section 7-2.6 clearly relates only to special charter school district detachment proceedings, and this is not a special charter school district detachment proceeding. So really what petitioners are saying is that our own preference for where our future children, as there were no school children in the detachment area in this case, go to school, should govern here. So you're saying it's limited by the plain language of special charter school district and that kind of thing? Correct. Okay. And really all we're left with then is petitioners' preference for where they want any future children to go to school. And it's well established under the Illinois Supreme Court's case law in Carver and Galt that the personal preference of petitioners is insufficient to warrant detachment. So for those reasons and the reasons stated in our brief, we'd ask that you affirm the decision of the Supreme Court. All right. Thank you, Mr. Griffiths. Thank you. Ms. Parson, if you may address the Court in your rebuttal. Just a few quick points, Your Honors. Regarding the significant direct educational benefit of safety, the plaintiffs had also presented evidence before the regional board that increased capacity of the landfill would increase truck traffic to about 100 extra semi-trucks a day. There was also testimony from a witness who still can smell odors emanating from the landfill when he drives by it for work. And further, the speed limit cited by the defendants was not brought up before the board. It was only brought up on appeal, and therefore, I can't raise an argument on it. So how about all the other kids that are left behind? What do you mean, Your Honor? I mean, how many kids are you representing to move into the other district? How many people filed here? Two? Well, it was, there was 12 plaintiffs and there's two children. And how many others at the school? I'm sorry? How many others would be left at the school with all the garbage going by? I'm not sure. Any other questions? I don't believe there are. Thank you. Thank you. All right, I'm going to thank both counsel for the quality of their arguments here this morning. The matter will, of course, be taken under advisement. We will issue a written decision on the matter at due course.